**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WILLIAM ROBERT NORRIE, | No. 16-60092 |
| Debtor. | BAP No. 16-1002 |
| WILLIAM ROBERT NORRIE, | MEMORANDUM* |
| Appellant, | |
| v. | |
| MARK BLISS; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Kirscher, and Taylor, Bankruptcy Judges, Presiding

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Chapter 7 debtor William Robert Norrie appeals pro se from the Bankruptcy

Appellate Panel's ("BAP") judgment affirming the bankruptcy court's December

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

18, 2015 order denying Norrie's motion for relief under Federal Rule of Civil Procedure 60(b), and the BAP's order denying rehearing. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review for an abuse of discretion the bankruptcy court's decision regarding recosideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The bankruptcy court did not abuse its discretion in denying Norrie's December 16, 2015 motion because Norrie failed to demonstrate any basis for relief. *See* Fed. R. Bankr. P. 9024 (making Rule 60 applicable to bankruptcy cases); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d at 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 60(b)).

The BAP did not abuse its discretion in denying Norrie's November 8, 2016 motion for reconsideration because Norrie failed to demonstrate any basis for relief. *See* Fed. R. Bankr. P. 8022(a)(2) (motion must state with particularity each point of law or fact that the movant believes the BAP has overlooked or misapprehended).

We reject as unsupported by the record Norrie's contention that the

bankruptcy court failed to state its reason for denying Norrie's Rule 60 motion.

Norrie's motion to file a late reply brief (Docket Entry No. 36) is granted. The Clerk shall file the reply brief submitted at Docket Entry No. 37.

All other pending motions and requests, including appellees' request for judicial notice contained within Docket Entry No. 6, are denied.

**AFFIRMED.**